## No. 538

### HECHT v. KRESGE CO.

Ohio Appeals 1st Dist. Hamilton Co.

No. 2754. Decided Feb. 8, 1926.

1159. TAXES—Agreement to pay taxes for first half of year, covers period between Jan. 1 and June 30.

BUCHWALTER, P. J.

Harry Hecht in July, 1923, entered into an agreement with the S. S. Kresge Co. whereby the said Hecht agreed to assign a certain lease to the Kresge Co., a provision in said agreement being to the effect the assignor pay taxes to June 30, 1923.

Hecht did assign this lease to the Kresge Co. and received the price agreed upon for said assignment, but in Dec. 1923, when the tax became due, refused to pay same. The Kresge Co. to keep the amount from being certified delinquent which would have constituted a breach of the lease, paid same and brought this action to recover the taxes so paid.

Hecht asserted that he was willing to pay the tax from April 7, 1923, to June 30, and made tender of same, which was refused by the Kresge Co. Hamilton Common Pleas rendered judgment for the Kresge Co. Court of Appeals on error held;

1. The contract entered into between the parties was to the effect that Hecht pay the taxes to June 30, 1923.

2. Altho the contention is raised that a tax year starts, by statutee on the day proceeding the second Monday in April. It evidently was the manifest intention of the parties to this contract as construed from the contract, that Hecht pay taxes for the first half of 1923.

3. Taxes for the first half of the year will be construed as being for period between Jan. 1, and June 30.

Judgment of Common Pleas Affirmed.

Attorneys—J. R. Samuels for Hecht; Frost, Jacobs and H. J. Siebenthaler for the Kresge Co., all of Cincinnati.

## No. 539

### TOOMA v. CLEVELAND RY. CO.

Ohio Appeals. 8th District Cuyahoga Co.

No. 6149. Decided February 1, 1926.

208. CARRIERS—1. At a public crossing, pedestrian has equal rights with car on tracks at such crossing.

2. The duty of motorman begins when pedestrian steps from curb toward tracks.

PER CURIAM

This action arose in Cuyahoga Common Pleas, Sarah Tooma, while crossing the tracks of the Cleve, Ry. Co., at a public crossing, having been struck by one of the cars of Company and severly injured.

The court in charging upon the rights of a pedestrian crossing tracks at a public crossing stated that such pedestrian's right is limited so that he should not unreasonably interfere with the progress of cars upon the tracks. The court further charged that the duty of a motorman begins when he is conscious that the pedestrian is unaware or heedless of his danger.

Tooma contends that such charge is erroneous. The Court of Appeals in error proceedings held:

1. On a public crossing a pedestrian has equal rights with the street car on tracks at such crossing.

2. The duty of a motorman at a crossing begins when the pedestrian has stepped from the curb toward such crossing.

3. Because of the error in the charge, judgment reversed and cause remanded for new tia.

Attorneys—Tim Long for Tooma; and Squire, Sanders and Dempsey for Cleveland Ry. C.

Judges—Pardee, Washburn and Funk of Ninth District sitting by.